Case 3:08-cv-01773-F   Document 100   Filed 03/16/11   Page 1 of 4   PageID 2161



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTOPHER ALLEN DAVIS, §
   Plaintiff, §
  §
v. § No. 08-CV-1773-F
  §
ROCKWALL COUNTY, et al., §
   Defendants. §

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR LEAVE FILE SUPPLEMENTAL DISCLOSURES**

BEFORE THE COURT is Defendants' Motion for Leave to File Supplemental Rule 26 Disclosures (Docket No. 86). Having reviewed the arguments of the parties, the admissible evidence, and the applicable law, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Motion.[1]

### Background

The October 14, 2009 Scheduling Order in this case (Docket No. 14) required that "[a]ll discovery procedures be initiated in time to complete discovery by August 17, 2010." That Order also required that "all dispositive motions, including motions for summary judgment . . . and motions to exclude or objections to expert witnesses, be filed by September 17, 2010." All actions required by Local Rule 26.2 were to be accomplished by November 1, 2010.

On November 22, 2010, the Court entered an Order on Defendants' Motion to Exclude Plaintiff's Expert and to Strike Expert Report, wherein the Court ordered the

---

[1] This terminates Docket No. 86.

1

Plaintiff to supplement or correct his Rule 26 disclosure of expert testimony within 30 days of the date of the Order. (Docket No. 68). On December 23, 2010, Plaintiff filed his Corrected Designation of Testifying Experts, which includes, among other things, 69 additional pages of computer data relied upon by Plaintiff's expert, David P. McGroty. (Docket No. 84).

A jury trial has been set in this matter for March 21, 2011 since November 4, 2010 (Docket No. 67). Oldham did not file the present Motion until February 18, 2011, nearly two months after Plaintiff's Corrected Designation of Testifying Experts. Plaintiff's Response was filed twenty-one days later on March 10, 2011.

### Legal Standard

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." When deciding whether to grant such leave, trial courts have "'broad discretion to preserve the integrity and purpose of the pretrial order,' which, toward the end of court efficiency, is to expedite pretrial procedure." *S & W Enter., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

The Fifth Circuit reviews a trial court's refusal to modify its scheduling order under a four-part abuse of discretion test which considers the following factors: "(1) the explanation for failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

## Discussion

Defendants' Motion requests leave to supplement their initial disclosures to include: (1) a Radio Log Report to support Defendant Vickie Oldham's Supplemental Motion to Dismiss or, in the Alternative, Motion for Summary Judgment; and (2) the Second Affidavit of Defendants' expert, John B. Minor, which provides his analysis of the sixty-nine additional pages of computer data relied upon by Plaintiff's expert, David P. McGroty.

Because the Court has already denied Defendant Oldham's Supplemental Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, the portion of the present Motion seeking to include the Radio Log Report is DENIED as moot.

Defendants believe that they should be granted leave to supplement their Rule 26 disclosure of expert testimony because the Court's November 22, 2010 Order on Defendants' Motion to Exclude Plaintiff's Expert and to Strike Expert Report, allowed Plaintiff to supplement his Rule 26 disclosure of expert testimony. Defendants argue that rebuttal supplementation is required for a proper defense and that any denial would cause great prejudice.

Plaintiff argues that Defendants were not diligent in seeking leave because they had the Corrected Designation of Testifying Experts for nearly two months before filing the present Motion and because Defendants have never attempted to have their expert personally inspect or examine the computer at issue. Although Plaintiff requests that the Court deny Defendants' Motion, Plaintiff also requests, in the alternative, that the imminent trial be continued if leave is granted. Plaintiff has stated that additional time

would be required so that he may seek a thorough review of Defendants' new expert report and/or file a motion to exclude the new report. There are several areas of the new report that Plaintiff has identified as conclusory, unreliable, and objectionable.

Plaintiff's concerns about Defendants' diligence are certainly reasonable because Defendants have offered little explanation for the lateness of the present Motion. Nevertheless, in the interests of justice and to avoid prejudicing Defendants, the Court will GRANT the portion of Defendants' Motion seeking to supplement John B. Minor's expert testimony. Because Defendants are being allowed to supplement this testimony at the eleventh hour, the trial date set for 9:30 A.M. on March 21, 2011, is continued. The Court will provide the new date for the trial in a subsequent order. To clarify all issues, the Court will hold a status conference on **Monday, March 21, 2011, at 10:30 A.M.**

It is so Ordered.

Signed this 16th day of March, 2011.

_____
Royal Furgeson
Senior United States District Judge